Dates, J.,
delivered the opinion of the court:
Section 198G prescribes the fees for district attorneys, marshals and their deputies, and clerks of court “ in cases under the foregoing provisions; ” and provides that “ where the proceedings are before a commissioner he shall be entitled to a fee of ten dollars for his services in each case, inclusive of all services incident to the arrest and examination.” The cases, then, in which the commissioner’s fee is thus fixed and limited, are those included in provisions of the Revised Statutes which precede section 1986. These antecedent provisions so far as they can apply to the subject-matter of section 1986 are embraced under the title (xxiv) relating to “ Civil Rights,” which provides a remedy in damages for those impeded in the exercise of the right of suffrage. These sections of the law do not refer to the acts of the voter himself and they affix no penalty to any illegal act upon his part; on the contrary, they aim simply to protect him in the peaceful exercise of his rights and duties.
The plaintiff herein, a United States commissioner, charges against the Government, in his accounts for fees, certain sums for services in cases where the defendants were accused of violations of the electiva franchise; these fees he has charged as in other criminal cases, such as those under the revenue laws, but the Treasury allows him but ten dollars a day in each case, upon the theory that section 1986 is the standard by which his compensation should be measured in these cases. For the difference between this allowance and his charge plaintiff now sues.
The offense alleged in each of the cases in question was that of illegal voting; it was the voter’s offense — not that of a third party — and was an offense included in a subsequent section of the Revised Statutes, to wit, section 5511. As the offense is not in terms set forth in Title xxiv (Rev. Stat.), the cases did not fall “ under the foregoing provisions,” unless section 5511 has been imported into those provisions by some other section antecedent to section 1986. It is claimed that section 1982 does this, and warrants the action of the accounting officers. That section provides that commissioners (and other officers therein enumerated) “are authorized and required * * * to institute prosecutions against all persons violating *429 any of tbe provisions of Chapter vii of the Title ‘ Crimes.’ and to cause such persons to he arrested and imprisoned or bailed for trial,” etc.
It will be npted that if defendants’ contention here be right, then the commissioner can receive only the fixed fee of ten dollars for all services incident to the arrest and examination of any person alleged to have committed any of the crimes enumerated in Chapter vii of the Title “ Crimes.” That chapter is limited to “ crimes against tile elective franchise and civil rights of citizens;” it provides for the punishment of those preventing citizens from voting; of those intimidating voters by bribery or threats; of those conspiring to injure or intimidate citizens in the exercise of civil-rights; of those who deprive citizens of civil rights under color of State laws; of those who vote or register fraudulently; of those who obstruct the execution of process in civil-rights cases, etc. That is, the chapter enumerates as crimes and punishes as such the offenses against the right of suffrage to which Title xxrv refers simply as the ground of a civil action for damages. Offenses not found in Title xxiv are found in this Chapter vii ; but they are all offenses against the free exercise of civil rights, and are such as can not be the subject of an action for damages by an individual, being, as is illegal voting, an injury to the State and not to a citizen. Title xxiv does not provide that the acts therein enumerated shall be criminal, nor does it attach any punishment to the illegal acts therein named; that title simply gives to the injured citizen a right of action for damages; it does no more, unless we import into it the seventh chapter of the Title “ Crimes.”
But Title xxiv certainly contemplates some criminal proceeding provided for elsewhere, for it speaks (§ 1982) of prosecutions “ against all persons violating any of the provisions of Chapter vii of the Title ‘Crimes;’” it orders that such persons shall be “ arrested and imprisoned or bailed for trial; ” that the number of commissioners shall be increased (§ 1988), “ so as to afford a speedy and convenient means for the arrest and examination of persons charged with the crimes referred to ” in section 1982, and the only crimes referred to in the latter section are violations of the provisions of said Chapter vii of the Title “ Crimes.” Another section (1984) authorizes the commissioners to appoint persons to execute warrants, and *430 these persons are given broad powers. They may summon to their aid the bystanders, the posse comitatus of the proper county, or “ such portions of the land, or naval forces of the United States, or of the militia, as may be necessary to the performance of the duty with which they are charged." All these provisions precede section 1986, which prescribes the commissioner’s fee, and there are other clauses, framed in the same spirit and intent, which follow that section. As Title xxiv does not contain the definition of a single crime or provide for the punishment of a single offender against the law of civil rights otherwise than by a private action for damages, all these provisions we have cited are vain and useless unless Chapter vn, under which crimes of this description are punished, is read as part of this Title xxiv.
We hold that the construction placed by the accounting officers upon section 1986 was correct; therefore' this item of claim is not allowed. The action of the court upon the other items set forth in the petition and in its appendix is shown in the conclusions of law.
Judgment for plaintiff in the sum of $1,180.80.